UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| KEWEENAW BAY INDIAN COMMUNITY,<br>       Plaintiff,<br><br>-v-<br><br>NICK KHOURI, *et al.*,<br>       Defendant. | No. 2:16-cv-121<br><br>Honorable Paul L. Maloney |

## INJUNCTION

On July 13, 2021, this Court issued an opinion and order granting in part Plaintiff's motion for summary judgment. (ECF No. 423 and 424.) The Court held that, as the Michigan's Use Tax Act, Michigan Compiled Laws §§ 205.91, *et seq.*, is written and enforced, the statute violates the Supremacy Clause in certain specific situations. (*Id.* at 41-45 PageID.6594-98.) As the statute is written and enforced, Michigan does not apportion the use tax when a Tribe or a tribal member uses tangible personal property both on and off the Tribe's Indian Country.

Hoping the parties could reach some agreement on the wording of the injunction, the Court ordered the parties to draft and exchange proposals. Regretfully, the parties did not reach any agreement and they have separately filed proposed orders. (ECF Nos. 425 and 426.) The Court declines to issue either of the proposed orders.

The United States District Court for the Western District of Michigan **ORDERS** the following Injunction.

1. For the purpose of this Injunction only, the Court distinguishes between Michigan's use tax and Michigan's sales tax.  This Injunction applies to Michigan's use tax.  The Injunction does not apply to Michigan's sales tax.

2. For the reasons explained in the Court's July 12, 2021, Opinion, a state may not collect a use, excise or similar tax on personal property used by federally-recognized Indian Tribes and their members within their Indian Country.  And, when the Tribe or tribal members use the personal property both within Indian Country and outside of Indian Country, a state must apportion any use, excise or similar tax so that the tax is levied only on the use of the personal property outside of Indian Country.

3. As currently written and enforced, the Michigan Use Tax, Michigan Compiled Laws §§ 205.91, *et seq.*, does not apportion the tax.  Michigan currently levies its use tax on tangible personal property used the Keweenaw Bay Indian Community and its registered members residing in the Community's Indian Country when the property is used both in the Community's Indian Country and outside the Community's Indian Country but in Michigan.  Michigan collects the tax without apportionment.

4. Consistent with paragraphs 1-3, the Court **ENJOINS** Michigan from enforcing its use tax statute, as it is currently written, against the Community and its registered members residing in the Community's Indian Country.  Specifically, Michigan must not collect its use tax or otherwise enforce the use tax on tangible personal property, and any services subject to the

use tax, used by the Keweenaw Bay Indian Community or its registered members residing in the Community's Indian Country when the property or service is used in both in the Community's Indian Country and outside the Community's Indian Country but in Michigan. This Injunction does not prohibit the enforcement of the use tax against the Community or its registered members in other situations otherwise permitted by statute and by law.

5.  Although the legal responsibility for Michigan's use tax falls on the consumer, sellers of products and services for which the use tax is levied must collect the tax and remit it to Michigan's Department of Treasury.  Michigan must, therefore, take reasonable steps to inform those entities who collect and remit the use tax about this Injunction.  And, Michigan must take reasonable steps to refund any use taxes collected in violation of this Injunction.

Date:   August 26, 2021                              /s/  Paul L. Maloney
                                                                                                                  Paul L. Maloney
                                                                                                                  United States District Judge